UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIM HOOD, ATTORNEY GENERAL OF                                    PLAINTIFF
THE STATE OF MISSISSIPPI, *ex rel.*
THE STATE OF MISSISSIPPI

v.                                          CIVIL ACTION NO. 3:15cv317-DPJ-LRA

FRED CANNON, et al.                                              DEFENDANTS

ORDER

This removed case is before the Court on two motions:  the Motion to Transfer Venue to

Delaware Bankruptcy Court [8] filed by Defendants Fred Cannon, Christopher Artzer, Andre

Ditsch, and John Hacskaylo, in which additional defendants have joined [10, 20, 21], and the

Motion to Remand [11] filed by Plaintiff Jim Hood, Attorney General of the State of Mississippi,

*ex rel.* the State of Mississippi.  For the reasons that follow, Defendants' Motion to Transfer

Venue [8] is denied, and Plaintiff's Motion to Remand [11] is granted.

I.      Facts and Procedural History

In general terms, this case arises out of a November 10, 2010 Memorandum of

Understanding ("MOU") between the Mississippi Development Authority ("MDA") on behalf of

the state of Mississippi, and KiOR, Inc., "a company that purported to specialize in the

manufacture of a crude oil-like substance from woody biomass."  Pl.'s Mem. [12] at 2.  Under

the MOU, the MDA agreed to loan KiOR up to $75 million, and KiOR agreed to build

manufacturing facilities in Mississippi and create more than 1,000 jobs.  KiOR ultimately

defaulted on its MDA loan, ceased operations at its sole facility in Mississippi, and, in November

2014, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the

United States Bankruptcy Court for the District of Delaware.  The MDA filed a proof of claim in

KiOR's bankruptcy but stipulated that its claim would be subject to discharge in the event the court confirmed a Chapter 11 plan.

On January 13, 2015, Hood filed this lawsuit, on behalf of the state of Mississippi, against a number of KiOR officers, directors, and investors, in the Circuit Court of Hinds County, Mississippi, First Judicial District.  On March 23, 2015, Hood filed an amended complaint that added additional defendants.  The amended complaint asserts state-law claims for fraudulent misrepresentation/inducement; negligent misrepresentation/inducement; fraudulent omission; negligent omission; civil conspiracy; aiding and abetting; and respondeat superior. According to Hood,

> The gravamen of this action is that certain of the defendants acted in concert to fraudulently and/or negligently induce the State of Mississippi to loan KiOR . . . $75 million under circumstances in which said individuals should have informed the State about the speculative nature of the Company's technology, the fundamental differences between the Company's biocrude and actual crude oil, the reckless assumptions built into the Company's financial modeling and the Company's inability to reach an agreement with an oil company to refine KiOR's biocrude.

State Ct. Record [1-1] at 80, Am. Compl. ¶ 1.14.[1]  Defendants removed the case to this Court on April 27, 2015, citing 28 U.S.C. §§ 1334(b) and 1452(a) and asserting that the case is related to KiOR's bankruptcy proceedings.

Defendants then immediately moved to transfer the case under 28 U.S.C. §§ 1412 or 1404(a) to the "Delaware Bankruptcy Court."[2]  Hood responded with a motion to remand under 28 U.S.C. § 1334(c)(1) or (2).  In the meantime, the bankruptcy court overseeing KiOR's

---

[1]This Order cites CM/ECF pagination.

[2]Both § 1412 and § 1404(a) provide transfer to another district court, which could then refer the matter to the bankruptcy court.

Chapter 11 bankruptcy case confirmed its reorganization plan, resulting in the discharge of

MDA's claim against KiOR.  *See* Order Confirming KiOR Inc.'s 2d Am. Chapter 11 Plan of

Reorganization, as Revised Dated June 1, 2015 [65-1].

II.      Analysis

        As an initial matter, the parties agree that federal subject-matter jurisdiction exists

because Hood's suit was "related to" KiOR's bankruptcy case at the time of removal.  28 U.S.C.

§ 1334(b) (2012); *see also Newby v. Enron Corp.*, 535 F.3d 325, 335 (5th Cir. 2008) (holding

that plan confirmation does not impact jurisdiction over properly removed pre-confirmation

claims).  But the parties dispute whether Hood's claims should be remanded on abstention

grounds and whether this Court or the District of Delaware should make that ruling.

        There is room for disagreement as to which motion should come first, but judges in this

district, including the undersigned, have concluded that "where transfer to the 'home'

bankruptcy court is otherwise appropriate, that court should decide if remand or abstention is

appropriate."  *Atlas v. Chrysler, LLC*, No. 3:09cv294-DPJ-JCS, 2009 WL 4782101, at *2 (S.D.

Miss. Dec. 8, 2009) (citing *Everett v. Friedman's Inc.*, 329 B.R. 40, 42 (S.D. Miss. 2005)).[3]

Here, the Court has concluded that transfer to the District of Delaware is not appropriate, so the

order in which it considers the pending motions matters not.

        A.      Motion to Transfer

        Defendants assert, and Hood does not dispute, that transfer of a matter related to

bankruptcy may be made pursuant to 28 U.S.C. § 1412.  That statute provides:  "A district court

_____

        [3]*Atlas* involved mandatory transfer under 28 U.S.C. § 157(b)(5), which is not at issue in
this case.

3

may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." *Id.*  A decision to transfer under § 1412 "is within the court's discretion based on an individualized case-by-case analysis of convenience and fairness."  *In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002) (cited in *In re Adkins Supply, Inc.*, No. 11-10353-RLJ-7, 2015 WL 1498856, at *5 (Bankr. N.D. Tex. Mar. 27, 2015)).  The movant carries the burden of establishing—by a preponderance of the evidence—that the case should be transferred.  *In re Think3, Inc.*, 529 B.R. 147, 208 (Bankr. W.D. Tex. 2015).  And because § 1412 states the "interest-of-justice" and "convenience-of-the-parties" prongs in the disjunctive, the Court examines both.

> 1.   Interest of Justice

Considering first the "interest-of-justice" avenue for transfer under § 1412, courts apply a flexible standard and

> consider the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness.  Factors that the courts consider include the following:
>
>> (a)  Efficiency and economics of estate administration;
>>
>> (b)  Presumption in favor of the "home court";
>>
>> (c)  Judicial economy and efficiency;
>>
>> (d)  Fairness and the ability to receive a fair trial;
>>
>> (e)  The state's interest in having local controversies decided within its borders; and
>>
>> (f)  Plaintiff's original choice of forum.

*In re Think3, Inc.*, 529 B.R. at 209 (citation omitted).

Defendants correctly point out that "[t]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979) (cited in Defs.' Mem. [9] at 19); *see also In re Think3, Inc.*, 529 B.R. at 209 (explaining that the first factor "is referred to by some courts as the most important factor").  Many courts have found that this consideration routinely favors the home court, and as a result, courts frequently note a "strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending." *LSREF2 Baron, LLC v. Aguilar*, No. 3:12-cv-1242-M, 2013 WL 230381, at *5 (N.D. Tex. Jan. 18, 2013).

Significantly though, this presumption is rebuttable as it is "not the only factor." *In re Think3, Inc.*, 529 B.R. at 208 (citing *Norton v. Encompass Servs. Corp.*, 301 B.R. 836, 839 (S.D. Tex. 2003)); *Unico Holdings, Inc. v. Nutramax Prods., Inc.*, 264 B.R. 779, 783 (Bankr. S.D. Fla. 2001) (acknowledging presumption but explaining that "under certain circumstances a transfer to [the home court] may be inappropriate); *In re Bruno's, Inc.*, 227 B.R. 311, 326–27, 329 (Bankr. N.D. Ala. 1998) (examining legislative history and ultimately holding that transfer to home court was not warranted).

Defendants initially argued that these first two factors dictated transfer and offered various arguments explaining why this suit and the bankruptcy case would substantially overlap. But whatever force those factual arguments carried when initially made faded when the bankruptcy court confirmed KiOR's reorganization plan and discharged KiOR's debt to the MDA.  Defendants therefore pivoted and now suggest that the home-court presumption must still

apply post-confirmation, citing *In re Adkins Supply, Inc.* and *In re Think3, Inc.*  Defs.' Suppl. Mem. [71] at 3–4.

Defendants' authority is readily distinguishable.  In both *In re Adkins Supply, Inc.* and *In re Think3, Inc.*, the trustees pursued claims against third-party defendants who then sought transfer away from the home courts.  *See In re Adkins Supply, Inc.*, 2015 WL 1498856, at *6; *In Re Think3, Inc.*, 529 B.R. at 162, 208.  So unlike the present case, those cases involved claims that constituted "assets" of the estates the trustees were "charged with administering."  *In re Adkins Supply, Inc.*, 2015 WL 1498856, at *6.  Under those circumstances, the courts refused to transfer the cases away from the home courts that administered the estates.  *Id.* at *8; *In re Think3, Inc.*, 529 B.R. at 212.  Hood's suit does not impact the debtor's assets in that or any other articulated way.

Courts in more analogous cases have held that post-confirmation, other factors may outweigh the home-court presumption.  *See System v. Limited*, No. 13-373-SDD-EWD, 2016 WL 4059705, at *5 (M.D. La. July 6, 2016) ("[I]n light of the . . . Confirmation Order, there is no need to transfer this matter to ensure the efficient administration of the estate or preserve judicial resources."), *report and recommendation adopted sub nom. Firefighters' Ret. Sys. v. Citgo Grp. Ltd.*, No. 13-373-SDD-EWD, 2016 WL 4059666 (M.D. La. July 27, 2016); *Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, No. 11 Civ. 7511, 2012 WL 698134, at *4 (S.D.N.Y. Mar. 5, 2012) (denying motion to transfer to home court and holding that after confirmation, "any presumption in favor of maintaining the venue . . . before the Bankruptcy Court is substantially weakened" (quoting *In re Nw. Airlines Corp.*, 384 B.R. 51, 61–62 (S.D.N.Y. 2008) (granting motion to transfer away from home court)); *Mirant Corp. v. The S.*

*Co.*, 337 B.R. 107, 124 (N.D. Tex. 2006) (holding that presumption in favor of home bankruptcy had "been significantly weakened, if not entirely destroyed, by the circumstance that this now is post-confirmation litigation").

Looking then to the circumstances at hand, Defendants argue that transfer remains viable because "the bankruptcy court continues to adjudicate other matters related to KiOR's bankruptcy." Defs.' Suppl. Mem. [71] at 3. That may be factually true, but Defendants have not sufficiently explained the nature of these "other matters" or shown how they and the present suit impact efficient and economic administration of the estate.

It seems instead that transferring this case would hinder efficiency and economy. If this Court transfers the case to Delaware, it is likely that the transferee court would just abstain and send the case back to state court for reasons that will follow. While that observation is admittedly speculative, the only other alternative is that the District of Delaware keeps the case. In that event, the district court could refer it to the bankruptcy court pursuant to its standing order. *See* Defs.' Suppl. Mem. [58] at 2. Defendants argue that this would promote efficiency because the bankruptcy court "has been overseeing all aspects of KiOR's bankruptcy." Defs.' Reply [34] at 8; *see also* Aug. 17, 2015 Tr. [60] at 31. But it is not apparent how the bankruptcy court's knowledge of the bankruptcy case would be overly beneficial regarding the specific state-law claims Hood brings against these non-debtor defendants—especially now that confirmation has occurred.

Nor is it apparent that the bankruptcy court would necessarily handle the ultimate issues. As Hood argues, the bankruptcy court would lack jurisdiction to enter final judgment on these claims. *See Stern v. Marshall*, 131 S. Ct. 2594, 2604 (2011). So either reference would be

7

withdrawn—in which case dispositive motions would be handled by a court less familiar with the KiOR bankruptcy case—or the bankruptcy court would submit a report and recommendation. *See* Defs.' Reply [34] at 9; 28 U.S.C. § 157(c)(1).  While the bankruptcy court possesses the skill to make such recommendations, it would not necessarily bring any expertise to Mississippi state-law issues.  And any recommendations would be subject to objections, briefing, and *de novo* review by the district court.  28 U.S.C. § 157(c)(1).  Finally, Defendants acknowledge that if Hood refuses to consent to a jury trial before the bankruptcy court (as he now indicates), then reference would have to be withdrawn before trial.  *See* Defs.' Suppl. Mem. [58] at 2–3.  In sum, any resolution short of a quick settlement would ultimately fall in the district court's lap and would involve two separate court units.  Defendants have not shown that post-confirmation transfer would enhance the efficiency and economics of estate administration.

As for the remaining interest-of-justice factors, the Court assumes Hood would receive a fair trial in either venue, but Mississippi has an interest in having local controversies decided within its borders.  Defendants initially argued that "the weight of this [local-interest] factor is not significant."  Defs.' Mem. [9] at 21 (quoting *TDK Accounting & Tax Servs., LLC v. JPMorgan Chase Bank, N.A.*, No. 3:09cv563–DPJ–FKB, 2010 WL 1416209, at *7 (S.D. Miss. Apr. 7, 2010)).  But this argument misreads the undersigned's holding in *TDK Accounting & Tax Services, LLC v. JPMorgan Chase Bank, N.A.*  There, the factor that was "not significant" was the "familiarity of the forum with the law."  *Id.* at *7.  By contrast, the Court held that the local-interest factor "weigh[ed] against transfer."  *Id.*; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (reversing denial of transfer and holding under § 1404(a) that this factor "weighed heavily in favor of transfer").

8

Defendants next suggest that the local-interest factor is at best neutral because Delaware handled the bankruptcy and KiOR was incorporated in that state. But Hood asserts no claims against KiOR—which is actually headquartered in Texas—and none of the Defendants are Delaware residents. Moreover, Hood seeks the return of $75 million in Mississippi public funds related to the aborted operation of manufacturing facilities in this state. Delaware has no similar pecuniary interest in this dispute; Mississippi's interests are clearly greater—especially now that confirmation has occurred. This factor weighs strongly against transfer. Finally, Mississippi is Plaintiff's choice of venue. In light of these factors, Defendants have not met their burden of showing that transfer to the District of Delaware would promote the interest of justice.

### 2. Convenience of the Parties

Bankruptcy cases considering transfers based on convenience have focused on various factors:

> (a) Location and proximity of the parties;
>
> (b) Ease of access to necessary proof;
>
> (c) Convenience of witnesses, including their location and proximity;
>
> (d) Location of the assets, including books and records;
>
> (e) Availability of subpoena power for the unwilling witnesses; and
>
> (f) Expenses related to obtaining witnesses.

*In re Think3, Inc.*, 529 B.R. at 210–11. The Court concludes that these factors are either neutral in this case or weigh against transfer.[4]

---

[4]Section 1404(a) might be a slightly tougher test than § 1412, because the convenience and justice concerns are not expressly stated in the disjunctive. Otherwise, the language is nearly identical, so "courts . . . generally appl[y] the same analysis to both." *Longhorn Partners*

Starting with the location of the parties, Hood sues on behalf of the state of Mississippi, and he has shown that each Defendant resides closer to Mississippi than Delaware.  While KiOR was incorporated in Delaware, it is not a party and is actually headquartered in Texas, which is also closer in proximity to Mississippi.  This factor weighs against transfer.

As to the ease of access to proof and the location of assets, including books and records, Defendants argue—with no elaboration—that "[t]his factor favors transfer [because] KiOR is incorporated in Delaware and is subject to the control of the courts there."  Defs.' Mem. [9] at 23.  This is not sufficient.  When considering convenience factors, "defendants must provide enough information to enable the District Court to balance the parties' interests."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 (1981).  While discovery certainly took place in the bankruptcy case, Defendants have not explained the specific proof and assets that would be relevant to these state-law claims, or why they would be more conveniently available—or even found—in Delaware.  By contrast, Hood argues that MDA's records are in Mississippi, KiOR's records are in Texas, other records are in California, and that none of the considerable discovery taken in the bankruptcy case occurred in Delaware.  Pl.'s Mem. [25] at 17.  Defendants fail to meet their burden as to this factor.

---

*Pipeline L.P. v. KM Liquids Terminals, L.L.C.*, 408 B.R. 90, 103 n.3 (Bankr. S.D. Tex. 2009) (citing 15 Charles A. Wright, Arthur R. Miller & Edward D. Cooper, Federal Practice and Procedure § 3843 at 26 (3d ed. 2007)) (other citations omitted).  Under § 1404(a), the Fifth Circuit has articulated a familiar test that addresses both public- and private-interest factors.  *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315.  But this Order tracks the parties' arguments, which do not follow that exact articulation, opting instead for those found in many bankruptcy cases.  Regardless, the factors the parties addressed substantially overlap those found in *In re Volkswagen of Am., Inc.* and other § 1404(a) cases, and the result would be the same under either approach.

Regarding the convenience of and expenses related to obtaining witnesses, Defendants do not identify any witnesses in Delaware or any specific witnesses for whom Delaware is a more convenient or less expensive forum than Mississippi.  Again, this is not sufficient.  While Defendants need not produce witness affidavits, *In re Volkswagen of Am., Inc.*, 545 F.3d at 317 n.12, they must at least give some specifics.  *See Trustmark Nat'l Bank v. First NBC Bank*, No. 3:13cv185-DPJ-FKB, 2013 WL 5278238, at *3 (S.D. Miss. Sept. 18, 2013) (citing *Piper Aircraft Co.*, 454 U.S. at 258; *In re Volkswagen of Am., Inc.*, 545 F.3d at 317 (finding this factor weighed in favor of transfer when defendant submitted potential witness list and affidavits from two witnesses stating that travel would be inconvenient)).  Defendants have not shown that this factor favors transfer to Delaware.[5]

On the availability of subpoena power, Defendants again fail to identify any specific witnesses or records that would be unavailable to them.  They do suggest that several individual Defendants have personal-jurisdiction defenses to Hood's suit in Mississippi.  But those potential defenses would merely support dismissal of Hood's claims against those Defendants; they do not suggest that the private-interest factors favor transfer to Delaware.

Convenience can be a zero-sum game, and it is obviously more convenient for Mississippi to pursue its claims in Mississippi where the losses allegedly occurred.  Mississippi also appears to be a generally more convenient forum with respect to sources of proof and witnesses.  Conversely, Defendants have not met their burden of showing that Delaware would

---

[5]The only potential witnesses known to the Court would be Defendants (all of whom live closer to Mississippi) and two former MDA officials (one of whom is closer to Mississippi, and the other of whom could be, depending on where within North Carolina he now resides). Additional distance generally means less convenience.  *See In re Volkswagen of Am., Inc.*, 545 F.3d at 317.

be more convenient under 28 U.S.C. § 1412.  And for these same reasons, the motion would

likewise fail under § 1404(a).  *See LSREF2 Baron, LLC*, 2013 WL 230381, at *3 (noting that "§

1404(a) sets the bar to achieve a transfer a bit higher than 28 U.S.C. § 1412").  The motion to

transfer is denied.

      B.      Motion to Remand

      Hood argues that abstention is either required or permitted under 28 U.S.C. § 1334(c),

which provides:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this
> section prevents a district court in the interest or justice, or in the interest of
> comity with State courts or respect for State law, from abstaining from hearing a
> particular proceeding arising under title 11 or arising in or related to a case under
> title 11.

> (2) Upon timely motion of a party in a proceeding based upon a State law claim
> or State law cause of action, related to a case under title 11 but not arising under
> title 11 or arising in a case under title 11, with respect to which an action could
> not have been commenced in a court of the United States absent jurisdiction under
> this section, the district court shall abstain from hearing such proceeding if an
> action *is commenced*, and can be timely adjudicated, in a State forum of
> appropriate jurisdiction.

28 U.S.C. § 1334(c) (emphasis added).

      To begin, there is an unresolved question whether mandatory or permissive abstention

applies.  The key sticking point is what Congress meant by the term "is commenced."  *Id.*  "The

clear majority of cases supports the position that the cause of action must be pending in state

court *prior to* the bankruptcy for mandatory abstention to apply."  *In re Freeway Foods of

Greensboro, Inc.,* 449 B.R. 860, 877–78 (Bankr. M.D.N.C. 2011) (emphasis added) (collecting

cases).  But such a requirement is not plain from the statutory language, and not every court has

agreed with the majority construction.  *See, e.g.*, *Bates & Rogers Constr. Corp. v. Cont'l Bank,*

*N.A.*, 97 B.R. 905, 908 (N.D. Ill. 1989) ("[N]o reason exists in the eyes of this Court to interpret this section to require a state court proceeding to be commenced prior to filing in bankruptcy, and we will not do so.").

If mandatory abstention applies, then the present case would meet its requirements. But there is no binding authority, and the Court has some reluctance to adopt the majority view. Accordingly, the Court will not construe § 1334(c)(2) at this point and will instead turn to permissive abstention under § 1334(c)(1).

"Nothing . . . prevents a court from permissively abstaining under § 1334(c)(1) where some, but not all, of the requirements for mandatory abstention are met." *In re Gober*, 100 F.3d 1195, 1206–07 (5th Cir. 1996). Additionally, factors courts have considered in weighing permissive abstention include:

1. the effect or lack thereof on the efficient administration of the estate if the court [abstains];

2. extent to which state law issues predominate over bankruptcy issues;

3. difficult or unsettled nature of applicable law;

4. presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

5. jurisdictional basis, if any, other than § 1334;

6. degree of relatedness or remoteness of proceeding to main bankruptcy case;

7. the substance rather than the form of an asserted core proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden of the bankruptcy court's docket;

13

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial;

12. the presence in the proceeding of nondebtor parties;

13.  comity; and

14. the possibility of prejudice to other parties in the action.

*Galloway v. Bond, Botes & Stover, P.C.*, 597 F. Supp. 2d 676, 683–84 (S.D. Miss. 2008)

(citation omitted).  In weighing these factors, the "Court must determine which arguments are of

greater importance and persuasion."  *In re Hous. Reg'l Sports Network, L.P.*, 514 B.R. 211, 217

(Bankr. S.D. Tex. 2014).

These factors support permissive abstention in this case.  First, given the confirmation of

KiOR's plan and discharge of KiOR's debt to MDA, abstention will have little to no effect on

the efficient administration of KiOR's bankruptcy estate.  Second, the case involves solely state-

law issues.  Third, there is no basis for asserting federal jurisdiction in this case other than §

1334.  Fourth, the claims against the non-debtor defendants are now only marginally related to

the bankruptcy case.  Fifth, comity supports allowing Mississippi to handle these state-law

claims seeking reimbursement of its public funds.  *See Younger v. Harris*, 401 U.S. 37, 43

(1971) ("Since the beginning of this country's history Congress has, subject to few exceptions,

manifested a desire to permit state courts to try state cases free from interference by federal

courts.").  Seventh, all parties in the present action are non-debtor parties.  And finally, for many

of the reasons stated in the transfer analysis, Defendants have not demonstrated sufficient

prejudice.

These factors, taken together with the requirements for mandatory abstention that are met, support state-court adjudication of this case.  Thus, even if mandatory abstention would not apply to a post-petition suit—which is debatable—the Court would exercise its discretion to abstain under § 1334(c)(1).  And on that basis, remand is proper under 28 U.S.C. § 1452(b).

III.    Conclusion

The Court has considered all arguments raised.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion to Transfer Venue [8] is denied, and Plaintiff's Motion to Remand [11] is granted.  This case is remanded to the Circuit Court of Hinds County, Mississippi, First Judicial District.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE